Justice JOHNSON,
dissenting.
The Court of Criminal Appeals has general original habeas jurisdiction, Tex. Const. art. V, § 5; Ex parte Thompson, 273 S.W.3d 177, 181 (Tex.Crim.App.2008), while this Court’s habeas jurisdiction is limited. Our habeas jurisdiction exists in matters where a contemnor is confined because he or she violated “an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.” Tex. Gov’t Code § 22.002(e).
Although our habeas jurisdiction is limited, our mandamus jurisdiction is broad. See Tex. Const, art. V, § 3(a); Tex. Gov’t Code § 22.002(a). And for the reasons the Court sets out, I agree that our broad mandamus jurisdiction encompasses the matters set out in Reece’s petition. Nevertheless, and as SB International, Inc. argues, Reece substantively petitions this Court for habeas relief. Under the circumstances I would refrain from granting mandamus relief for the reasons Justice *378 Willett sets out in part IV of his dissent, which I join.
Because I disagree that we should grant mandamus relief, I respectfully dissent.